# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Nina Y. Wang

Civil Action No. 25-cv-02470-NYW-MDB

MIQUEL AVERY, and
CECIL AVERY,

    Plaintiffs,

v.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF EL PASO COLORADO,

    Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION AS MODIFIED

This matter is before the Court on the Recommendation of United States Magistrate Judge issued by the Honorable Maritza Dominguez Braswell on January 12, 2026 (the "Recommendation"). [Doc. 12]. Judge Dominguez Braswell recommended that this matter be dismissed without prejudice because Plaintiffs failed to effectuate timely service on Defendant and failed to respond to an order to show cause pertaining thereto. [*Id.* at 1, 3]. Plaintiffs timely objected to the Recommendation on January 26, 2026. [Doc. 14]. For the reasons set forth in this Order, while the findings of fact set forth in the Recommendation are **ADOPTED**, Plaintiffs' Objection is respectfully **SUSTAINED in part**.

## LEGAL STANDARDS

### I.    Rule 72(b)

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court "determine de novo

any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Such specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (quotation omitted).

## II.   Pro Se Filings

Because Plaintiffs proceed pro se, the Court affords their filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But the Court cannot and does not act as their advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiffs as to represented parties, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## BACKGROUND

On September 8, 2025, Plaintiffs, proceeding pro se, initiated this action by filing an Amended Complaint against Defendant. [Doc. 5]. The Complaint alleges that Defendant unlawfully seized and destroyed Plaintiffs' property in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, resulting in damages of approximately $1.1 million. [*Id.* at 4–6].

Plaintiffs were required to serve Defendant with the Amended Complaint within 90 days.  Fed. R. Civ. P. 4(m).  When Plaintiffs did not, Judge Dominguez Braswell issued an Order to Show Cause directing Plaintiffs to show cause why this matter should not be dismissed without prejudice for lack of service.  [Doc. 11 at 1].  Judge Dominguez Braswell gave Plaintiffs until January 9, 2026 to respond, and warned Plaintiffs that if a response is not timely filed, "the Court may recommend the dismissal of this action without further notice."  [*Id.*].  The Order to Show Cause was then mailed to Plaintiffs at the address that they provided in the Amended Complaint.  [*Id.* at 2].

Plaintiffs did not file a response by January 9, 2026.  Accordingly, on January 12, 2026, Judge Dominguez Braswell issued the instant Recommendation recommending that this case be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).  [Doc. 12 at 1–3].  In the Recommendation, Judge Dominguez Braswell explained to the Plaintiffs that they have 14 days to file written objections, and those objections must be specific.  [*Id.* at 1, 3–4].

On January 26, 2026, Plaintiffs timely filed Plaintiffs' Objection to Magistrate Judge's Recommendation of Dismissal and Motion for Extension of Time to Effect Service ("Objection").[1]  [Doc. 14].

## ANALYSIS

Plaintiffs do not object to any of Judge Dominguez Braswell's findings in the Recommendation; indeed, they acknowledge that they have not served Defendant and

---

[1] The Court notes that the Amended Complaint bears the signatures of both Miquel and Cecil Avery.  [Doc. 5 at 6].  But Plaintiffs' Objection does not bear the signature of either Plaintiff.  [Doc. 14 at 4].  Pursuant to this District's Local Rules of Civil Practice, papers filed by parties must bear the signatures of the filing parties.  D.C.COLO.LCivR 5.1(a).  "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to

3

failed to timely respond to the Order to Show Cause. [Doc. 14 at 2–3]. Instead, they request that the Court reject the Recommendation and grant Plaintiffs a 60-day extension to effect service on Defendant. [*Id.* at 2–4]. Plaintiffs explain that they "did not receive or timely understand the December 15, 2025 Order to Show Cause" and their "lack of response was not willful neglect or intentional disregard for the Court's authority." [*Id.* at 2]. They further argue that there is good cause not to dismiss this case, on account of Plaintiffs' pro se status, "[t]he substantial constitutional violations alleged, the lack of prejudice to Defendant, and the strong federal policy favoring decision on the merits." [*Id.* at 2, 4].

As an initial matter, upon de novo review, this Court finds that there is no basis to reject Judge Dominguez Braswell's Recommendation. Since the Plaintiffs did not respond to the Order to Show Cause and there is nothing otherwise on the docket to indicate that Plaintiffs have made any efforts to serve Defendant, Judge Dominguez Braswell did not have the benefit of Plaintiffs' current arguments or evidence when recommending dismissal.

But there is also nothing in the record to suggest Plaintiffs are not acting in good faith, and this Court notes that the Court "must extend the time for service" if a "plaintiff shows good cause." Fed. R. Civ. P. 4(m). Courts routinely find that a plaintiff's pro se status constitutes good cause to extend the time for service under Rule 4. *See, e.g.*,

---

manage and conduct causes therein." 28 U.S.C. § 1654. Accordingly, a plaintiff has the right to appear on his or her own behalf, but he or she cannot represent other *pro se* plaintiffs in federal court. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."). Thus, **both** Miquel **and** Cecil Avery must sign any submission for it to apply to both of them. The Court will extend a one-time exception to Plaintiffs for the purpose of their Objection, but any future submission that does not comply with this requirement will be struck without substantive consideration.

4

*Austin v. Robinson*, No. 22-cv-00823-RMR-MDB, 2023 WL 1069488, at *5 (D. Colo. Jan. 27, 2023), *recommendation adopted*, 2023 WL 2570244 (D. Colo. Feb. 16, 2023); *Lin v. Peters*, No. 98-cv-01470-JEC-DJS, 2000 WL 36739570, at *3 (D.N.M. Dec. 21, 2000); *Taylor v. Frank*, No. 90-cv-02410-DES-GLR, 1991 WL 261756, at *1 (D. Kan. Nov. 21, 1991). Here, the Court finds that there is good cause to extend the service deadline given Plaintiffs' pro se status.

Accordingly, while the Court **ADOPTS** the Recommendation, the Court respectfully **SUSTAINS** Plaintiffs' Objection in part, **GRANTS** the Motion for Extension of Time to Effect Service, and **MODIFIES** the Recommendation accordingly. Plaintiffs shall have until **May 1, 2026** to properly serve Defendant. This matter has been pending since August 8, 2025, and by May 1, 2026, will have been pending over eight months without any progress. **If service is not effectuated by then, the Court may dismiss this action without prejudice without further notice.**

## CONCLUSION

For the reasons explained above, **IT IS ORDERED** that:

(1) Plaintiffs' Objection to Magistrate Judge's Recommendation of Dismissal and Motion for Extension of Time to Effect Service [Doc. 14] is **SUSTAINED in part**;

(2) Based on the additional information provided in Plaintiffs' Objection [Doc. 14], the Recommendation of United States Magistrate Judge [Doc. 12] is **ADOPTED as modified**;

5

(3) Plaintiffs **SHALL SERVE** Defendant by **May 1, 2026**. <u>**If service is not effectuated by May 1, 2026, the Court may dismiss this action without prejudice without further notice**</u>; and

(4) The Clerk of the Court will **MAIL** a copy of this Order to:

Miquel Avery
Cecil Avery
953 Oakmont Court
Union, KY 41091.

DATED: March 4, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge

6